IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES,

    Respondent,               No. CR S-02-21 JAM KJM P

    vs.

MIGUEL PRADO,

    Movant.                 ORDER

_____/

       Movant is a federal prisoner proceeding pro se as a habeas petitioner with a motion to vacate his sentence under 28 U.S.C. § 2255. The court has before it motions from both parties to compel production of the case files of the attorneys who represented movant at trial and on appeal. Although neither party styles its motion as one seeking discovery in a habeas proceeding, the court construes both as requests for such relief.[1]

/////

---

[1] Movant also has filed a motion to compel the government to answer his motion to vacate his sentence. At the time he filed that motion, the government had already received an extension of time to file its answer, and it has subsequently received another extension so the court can address the issues presented by the cross-motions addressed here. In resolving those motions, the court will set a new deadline for the government to file its answer.

1

As respondent, the government seeks an order declaring that movant's claims of ineffective assistance of counsel "have waived privilege over all of his communications" with four of movant's trial and appellate counsel. Mot. at 1. Respondent asks this court to "require those attorneys to produce their files to the United States and assist in the United States' response to the defendant's petition." Id. The government claims it cannot draft an answer to the claims of ineffective assistance of counsel and "cannot prepare to litigate [movant's] claim without access to the former attorneys' files." Id. at 6.

Respondent relies on Bittaker v. Woodford, 331 F.3d 715 (9th Cir. 2003), for the proposition that movant's claims of ineffective assistance of counsel constitute an implied waiver of the attorney-client privilege and therefore respondent is entitled to the files of movant's trial and appellate attorneys. Respondent is correct that Bittaker holds that a habeas movant's claim of ineffective assistance of counsel impliedly waives the privilege between him and the allegedly ineffective counsel. It does not follow that full discovery of movant's attorneys' files is automatic. The parties in a habeas proceeding are not entitled to discovery as a matter of course. Bracy v. Gramley, 520 U.S. 899, 904 (1997). Rule 6(a) of the Rules Governing Habeas Proceedings under § 2255 authorizes discovery only for good cause. The burden of showing the materiality of the discovery sought is on the party seeking it. Murphy v. Johnston, 205 F.3d 809, 813-15 (5th Cir. 2000). Moreover, a discovery request must be specific. Rule 6(b) states that "[a] party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents." Specificity in the context of this case is of heightened importance, for without it the court cannot balance the waiver implied by a claim of ineffective assistance of counsel with the need to be vigilant in protecting against unwarranted disclosure. Moreover, Bittaker makes clear that discovery of an attorney's files and disclosure of that attorney's communications with the client – usually a sacrosanct source of undiscoverable information – requires a narrowly drawn protective order from the court that imposes the waiver. See Bittaker, 331 F.3d at 721-25.

Respondent apparently seeks the case files of four attorneys without limitation, and states only that it is necessary to see those files before respondent can draft a response to the motion to vacate movant's sentence.  Claims of ineffective assistance of counsel are common in habeas actions, but allowing discovery before the government has even answered the petition is not common.  Respondent cites no authority for taking that unusual step, nor has the court found any.  A closely analogous case is <u>Calderon v. U.S. Dist. Court for the Northern District of California</u>, 98 F.3d 1102 (9th Cir. 1996).  There, the court rejected a habeas movant's request for pre-petition discovery, reasoning in part that "with one inapplicable exception, the Federal Rules of Civil Procedure do not permit pre-complaint discovery."  <u>Id.</u> at 1106.[2]  Insofar as this case also remains in the pleading stage, there is no reason to depart from the rationale given in <u>Calderon</u>.  There is no provision in the rules governing habeas proceedings or the civil procedure rules to grant pre-answer leave to conduct the discovery that respondent seeks.  Respondent's request is both overbroad and premature.

There also is no provision in the rules whereby this court could compel movant's former counsel to "assist" the government in its response to the petition "by submitting for interviews... concerning their communications with Defendant Prado and their work on this case."  Mot., Proposed Order at 1-2.  If, after answering the motion to vacate the movant's sentence, respondent then has good cause to question those attorneys, it may request leave to depose them as part of a request to conduct discovery.

The same reasoning applies to movant's motion for an order directing one of his former attorneys, Victor Haltom, to surrender his case file to movant for the purpose of movant's pursuing his motion to vacate his sentence.[3]  Movant states that he has tried to contact Haltom

---

[2] The "inapplicable exception" referenced in <u>Calderon</u> "arises when a party can show the need to perpetuate testimony that may not be available later." <u>Id.</u> (citing Fed. R. Civ. P. 27). That exception is also inapplicable here.

[3] The government has not responded to movant's motion.

3

with his request, to no avail.  Movant's motion also is premature and procedurally untenable: the proper mechanism for movant to procure material from Haltom is through a subpoena duces tecum – a mechanism movant may use only after the court authorizes discovery.  If, after receiving the government's answer, movant still believes he needs Haltom's case file to pursue his motion to vacate his sentence, the court will entertain a motion for discovery.

In sum, at this stage the court finds no good cause to order discovery.  Because there is the possibility that after respondent answers there will be good cause for discovery related to the claims of ineffective assistance of counsel or other claims, the motions will be denied without prejudice.[4]

Accordingly, IT IS HEREBY ORDERED that:

1. The motion for an order directing former counsel to surrender defense files to movant (docket no. 282) is denied without prejudice.

2. The motion for production of files (docket no. 283) is denied without prejudice.

3. The government has thirty days from the entry of this order in which to file an answer to the motion to vacate sentence.  The motion to compel an answer (docket no. 278) is denied as moot.

DATED:  November 17, 2009.

_____
U.S. MAGISTRATE JUDGE

prad0021.disc.ord

---

[4] There is also the possibility that the answer will narrow the bases on which discovery ought to proceed.  Simply allowing discovery on all of the factual allegations of ineffective assistance of counsel at the outset, regardless of their merit, would be less prudent than first determining which claims require additional inquiry and which ones do not.